BRILL vs. HOILE, imp.

*November 22 — December 13, 1881.*

SURETYSHIP: EXTENSION OF TIME OF PAYMENT. *(1) How principal may become surety. (2, 3) Order on third person held not negotiable, and its acceptance not payment or extension of time. (4) Evidence to repel presumption of payment, etc. (5) When consideration for extension must be shown.*

1. Where a new firm, on buying out an old one, undertakes, with the knowledge of a creditor of the old firm, to pay its debts, the members of the old firm not included in the new are thereafter sureties upon the liability

so assumed, and will be discharged from liability as such sureties by any extension of time granted without their consent, by the creditor, to the new firm.

2. An order by a debtor upon a third person to pay a certain sum to his creditor or order, out of a particular fund, when such fund shall be created (as by the future payment of a draft then in the hands of such third person), is not negotiable as a bill of exchange; and no inference can be drawn from the paper itself that it was taken *in payment* of the drawer's original debt to the payee, or that the payee's right to recover such original debt was suspended until his credit on the instrument should expire.

3. The fact that an order on a third person for the amount of a debt due from two or more persons, is taken by the creditor from *only one* of such debtors, repels the presumption that it is taken in payment of the original debt.

4. Even where a debtor takes from his creditor an order on a third person, payable generally and absolutely and at a time certain, the presumption that it was taken in *payment*, or extended the time of payment of the original debt, may be repelled by proof that it was taken as collateral security.

5. In all cases where paper received by a creditor from his debtor does not imply payment of the original debt, a *consideration* for the alleged agreement to extend the time of payment of such debt must appear.

APPEAL from the Circuit Court for *Portage* County.

Action against *J. T. Hoile* and J. A. Bratt for the price of goods sold and delivered by the plaintiff to them as partners. The defense relied upon by *Hoile*, and the facts proven and found, will sufficiently appear from the opinion. From a judgment against both defendants, *Hoile* appealed.

The cause was submitted on the brief of *Walter R. Barnes* for the appellant, and that of *G. W. Cate* for the respondent.

ORTON, J.   We think it was in effect proved, as well as found by the circuit court, that the plaintiff, before taking the order hereinafter considered, knew that Bratt & Bailey had assumed, on sufficient consideration, to pay all of the debts of the firm of Hoile & Bratt. *Hoile* having sold out his interest in the firm of Hoile & Bratt, and Bratt having assumed to pay all the debts of the firm, and Bailey having purchased such

half interest, and the new firm having assumed to pay all of such debts, with the knowledge of the plaintiff, *Hoile*, as to the plaintiff, was thereafter a mere surety upon the liabilities of the old firm, and Bratt & Bailey principals. *Gates v. Hughes*, 44 Wis., 332; *Collgrave v. Tallman*, 67 N. Y., 95; *Smith v. Sheldon*, 35 Mich., 42. These being the relations of the parties, the plaintiff received from Bailey alone the following order, which the learned counsel of the appellant insists in itself operated as an extension of the time of payment of the original indebtedness, and thereby released the appellant, *Hoile*, as such surety. The order was as follows:

"STEVENS POINT, February 9, 1880.

"*Mr. H. D. McCulloch:* Pay *I. Brill*, or order, $147.31 out of the H. Bick draft, when paid.

[Signed] "D. C. BAILEY."

In explanation of this order it is not very clear, but inferable from the evidence, that McCulloch was an officer of the bank, and held the draft of either Bratt & Bailey, or of Bailey alone, on one H. Bick, for lumber shipped to him by them, and that this order was on that particular fund when it should come into the hands of McCulloch, or into the bank, in payment of the Bick draft. It does not appear in evidence that Bratt knew anything about this transaction, except what was told him by Bailey, which, as the statements of Bailey testified to by Bratt, ought to have been ruled out as hearsay testimony; and there is no evidence of any contract or understanding between Bratt & Bailey and the plaintiff in relation to this order, other than appears upon its face. There was a mere mention, by one of the witnesses, that the plaintiff gave Bailey a receipt for the order, but the receipt itself or its terms did not appear.

This order was payable out of a particular fund, and the time of the payment is not fixed, and it is conditional and not payable absolutely, and is, therefore, not negotiable as a bill of exchange. Story on Bills of Ex., §§ 46–50. There can be,

therefore, no inference from the paper itself that it was taken in payment of the original debt, such as would arise from the taking of a negotiable bill of exchange or a promissory note, or that the right to recover the original debt was suspended until the credit on the bill or note has expired. Story on Bills of Ex., § 419; *Mehlberg v. Tisher*, 24 Wis., 607. This order, then, on its face, does not extend the time of payment, and there was no agreement outside of the order that it should be taken in payment, or that it should extend the time of the payment of the original debt; and it is admitted by the learned counsel of the appellant, in his brief, that it was not taken in payment. It follows, therefore, that it was taken as mere collateral security, and of very uncertain character at that, and the time of the payment of the original debt was not deferred or extended by it according to any legal principle.

The fact that the order is drawn by Bailey alone, precludes the very idea that it was taken as a substitution for the joint liability of Bratt & Bailey, or as payment of their joint debt, or in such manner as to extend the time of such payment. If the order had been payable absolutely and generally, and at a time certain, even then the implication that it was taken in payment, and that it extended the time of the payment of the original debt, might be repelled by proof that it was taken as collateral security only. But as to this order there is no such implication or inference, and, if the time was extended at all, it must have been by agreement outside of the order itself, and no such agreement was proved in the case. *Paine v. Voorhees*, 26 Wis., 522; 2 White & T. L. C., 1916; *Wade v. Staunton*, 5 How. (Miss.), 631; *Ripley v. Greenleaf*, 2 Vt., 129; *Weakly v. Bell*, 9 Watts, 273; *Bank of Utica v. Ives*, 17 Wend., 501; *Oxley v. Storer*, 54 Ill., 159; *Chickasaw Co. v. Pitcher*, 36 Iowa, 593.

There is certainly nothing in the taking of this order or in the transaction, so far as we know, that would prevent the appellant, *Hoile*, at any time from paying the debt and suing

Bratt & Bailey therefor, or that would prevent the plaintiff from suing on the original indebtedness at any time, which, in such cases, is the test as to whether any valid agreement extending the time has in fact been made. It may be said further that in all cases where the paper received does not imply payment of the original debt, as in the case of taking a bill of exchange or promissory note to be paid at a future and certain time, and when the creditor must rely upon the bill or note alone, a consideration for the agreement to extend the time must appear. 2 Am. Lead. Cas., 323, and cases there cited. There is not only no consideration proved, and none implied in the order itself, but the order taken was on its face inferior in value to the original debt, in that it was given by only one of the *joint debtors*, and if it have the effect claimed the others would be released. The order was worthless when given, because there was no fund, and has never become of any value since, and the plaintiff has never done anything except to frequently apply to the appellant, *Hoile*, and to Bratt & Bailey, for the payment of the debt, and quietly indulge the delay; and he has certainly done nothing that in law changes the liability of the old firm of Hoile & Bratt to pay it.

*By the Court.*—The judgment of the circuit court is affirmed.