See note to this case in 29 N. W. Rep. 647. — REP.

ALLIS and others, Respondents, vs. THE MEADOW SPRING DISTILLING COMPANY, Appellant, and others, imp., Respondents.

*September 28 — October 12, 1886.*

*(1) Change of venue: When application too late. (2) Continuance: Absence of party. (3) Liens: Consolidation of actions. (4, 5) Payment: Promissory notes: Burden of proof: Estoppel. (6) Costs in consolidated actions: Attorney's fees in supreme court.*

1. An application for a change of venue on the ground of prejudice of the judge must be made before the trial has begun.
2. The mere absence of a party when the cause is called for trial is not sufficient cause for a continuance.

Allis and others vs. The Meadow Spring Distilling Co.

3. Where several actions have been commenced to enforce liens for materials and labor upon the same building, they may be consolidated and the rights of all the lien claimants may be determined in the findings and judgment.

4. The acceptance of promissory notes of a third person for the amounts due for materials and labor does not discharge the lien therefor given by ch. 143, R. S., unless such notes are expressly received in *payment;* and the burden is upon the debtor to show by direct and positive proof that the creditor agreed so to receive them. The receipting of the original accounts as paid in full by such notes raises no presumption that the debt is paid.

5. The president of a corporation gave his individual notes for the amounts due for labor and materials used in the erection of a building for the company, and the accounts were receipted as paid by such notes. Thereupon the company issued stock to the president in consideration of his assumption of such debts. *Held,* that these facts would not prevent the enforcement of liens for such labor and materials.

6. Where several parties having separate claims are joined in one action pursuant to a statute, the costs should be taxed as though they were all jointly interested. And where several actions to enforce liens were consolidated, and the judgment fixing the rights of of lien claimants is affirmed on the appeal of the debtor, the lien claimants together constitute "the prevailing party" (sec. 2949, R. S.), and but one attorney's fee can be taxed.

APPEAL from the Circuit Court for *Milwaukee* County.

Before this action was commenced seven separate claims were filed by the parties herein, pursuant to ch. 143, R. S., for liens upon certain real estate of the defendant the *Meadow Spring Distilling Company,* for the price of materials furnished and labor performed by the claimants, respectively, in the erection of a certain building on such real estate. Three of these claimants are plaintiffs and four of them are defendants herein.

This action was brought to foreclose the respective liens of the plaintiffs. The distilling company answered that (with the single exception of about $300) all of the claims had been paid. The other defendants answered, asserting their respective rights to liens. The defendants *Weisel &*

*Vilter* also answered that they had brought an action to enforce their lien. When the present cause was called for trial, that firm elected to have their claim adjudicated herein with those of the other claimants.

Some questions of practice made in the argument will be best presented by the following extract from the bill of exceptions: "Both of said actions had been regularly noticed for trial, and were for trial on the calendar of this court at the May term, 1884, note of issue having been made and filed under the rules by the said *Meadow Spring Distilling Company* at the said May term and at the next preceding term, in which note of issue the issues in said action were defined to be as issues of fact for the court; and both said actions were regularly reached for trial, and were duly called by the court, all the parties being there present by their respective attorneys, except the *Meadow Spring Distilling Company*, which was not then represented. The parties present announced themselves ready for trial, and Mr. Winkler, of counsel for the plaintiffs, *Allis et al.*, opened the case, beginning to state the nature of the same to the court. While he was so engaged, Mr. Goodwin, counsel for the defendant distilling company, entered the court-room and stated that he was not ready for trial, and that he desired that the case should be postponed, which the court, on objection made by the plaintiffs' counsel, refused to do. Thereupon he stated that his client was not in court, and he desired delay on that account, which the court declined to grant. Mr. Goodwin thereupon orally demanded a trial by jury, and added that he would propose in writing such a demand, and he then immediately sat down at a table and proceeded to write. The plaintiffs' counsel and the counsel for the other defendants were proceeding with the trial by reading to the court from the pleadings, when Mr. Goodwin presented a paper which he had written, stating the same to be an affidavit of prejudice of the judge of the

said court, and thereupon demanded that the place of trial of this action should be changed. The court waived the reading of said paper, being an affidavit of prejudice, and directed it to be, and it was, filed, and thereupon the demand of a change of venue and trial by jury was denied by the court as made too late. No further applications for a trial by jury were made, nor any further denial thereof."

The trial then proceeded. Witnesses were called by the distilling company, as well as by the lien claimants, and gave testimony, and the rights of all the claimants were investigated, as was also the claim of the distilling company that all these demands had been paid. The proofs on the question of payment are sufficiently stated in the opinion.

The court found against the distilling company on the issue of payment. It also found the amount due each claimant, and gave judgment against the distilling company accordingly in the form prescribed by statute. R. S. sec. 3324. From this judgment that company appeals.

For the appellant there was a brief by *Frisby, Gilson & Frisby*, and oral argument by *Mr. Gilson.* They contended, *inter alia*, that when a note is received from a third person by a creditor, and the amount of the note is credited to the debtor, the presumption is that the note was received in payment. *Frisbie v. Larned*, 21 Wend. 450; *N. Y. State Bank v. Fletcher*, 5 id. 85; *Booth v. Smith*, id. 107; *Gibson v. Tobey*, 46 N. Y. 637; *Smith v. Bettger*, 68 Ind. 254; *Kearselake v. Morgan*, 5 Term, 513; *Arnold v. Camp*, 12 Johns. 409. The appellant having acted upon apparent settlements made by the respondents with Wirth, and having given Wirth credit for the amounts so seemingly paid by him, it would now be unjust to compel the appellant to pay these accounts twice. The respondents are equitably estopped. *Vilas v. Mason*, 25 Wis. 310; *Carr v. Miner*, 42 Ill. 179–191; *Knox v. Clifford*, 38 Wis. 651; *Norris v. Mil. Dock Co.* 21 id. 130; *State ex rel. State Bank*

*v. Hastings*, 15 id. 75–82; *Gundry v. Vivian*, 17 id. 436; *Knights v. Wiffen*, L. R. 5 Q. B. 660; *M'Neil v. Hill*, Woolw. 96. The acceptance of the note of a third person by the lienors is a waiver of the lien. *Muir v. Cross*, 10 B. Mon. 277; *Benneson v. Thayer*, 23 Ill. 374; *Dutton v. N. E. M. F. Ins. Co.* 29 N. H. 153; *Croskey v. Corey*, 48 Ill. 442.

For the respondents *E. P. Allis, The Hoffman & Billings Manufacturing Company*, and *Herman Pietsch*, there was a brief by *Jenkins, Winkler, Fish & Smith*, of counsel, and oral argument by *Mr. Jenkins*. They argued, among other things, that the burden was upon the appellant to show an express agreement that the notes were received in payment. *First Nat. Bank v. Case*, 63 Wis. 504; *Ford v. Mitchell*, 15 id. 308; *Gibson v. Tobey*, 46 N. Y. 637. When an agent of the debtor gives his own note it has no greater effect than the debtor's note, so far as any presumption of payment is concerned. *Rathbone v. Tucker*, 15 Wend. 498; *Muldon v. Whitlock*, 1 Cow. 290; *Merrill v. Kenyon*, 48 Conn. 314; *Weston v. McMillen*, 42 Wis. 567.

For the respondents *Davis, Winding*, and *Burnham*, there was a brief by *Rogers & Mann*.

For the respondents *Weisel & Vilter* there was a brief by *Winfield Smith*. He cited 1 Wait's Act. and Def. 568; 7 id. 410; 2 Parsons on Notes and B. 150–164, 175, 180, 184; *Eastman v. Porter*, 14 Wis. 39, 47; *Ford v. Mitchell*, 15 id. 308; *Lindsey v. McClelland*, 18 id. 485; *Paine v. Voorhees*, 26 id. 526; *Matteson v. Ellsworth*, 33 id. 488; *Muldon v. Whitlock*, 1 Cow. 306; *Freeman v. Benedict*, 37 Conn. 559; *Toby v. Barber*, 5 Johns. 68; 2 Daniels on Neg. Inst. sec. 1260, *note; Vail v. Foster*, 4 N. Y. 312; *Smith v. Ryan*, 66 id. 352; *Feldman v. Beier*, 78 id. 293; *Hunter v. Moul*, 98 Pa. St. 13; *Archibald v. Argall*, 53 Ill. 307; *Walsh v. Lennon*, 98 id. 27; *Nightingale v. Chafee*, 11 R. I. 609; *Foster v. Hill*, 36 N. H. 526; *McMurray v. Taylor*, 30 Mo. 263; *Brown v. Olmstead*, 50 Cal. 162; *Brown v. Dunckel*,

Allis and others vs. The Meadow Spring Distilling Co.

46 Mich. 29; *Case v. Seass*, 44 id. 195; *Breitung v. Lindauer*, 37 id. 217; *Farwell v. Grier*, 38 Iowa, 83.

The following opinion was filed October 12, 1886:

LYON, J. 1. The cause was regularly called and taken up for trial in its order. Counsel for the plaintiffs was opening the case and reading the pleadings to the court, and the court had denied two applications of counsel for the appellant, the distilling company, for postponement or delay, before the affidavit of prejudice was filed and a change of the place of trial demanded. The trial having been entered upon, as it certainly was, before the demand was made, such demand came too late, and the court properly disregarded it. The rule of *Grobman v. Hahn*, 59 Wis. 93, is applicable here, and decisive of the question.

2. A continuance was rightly denied, no sufficient cause therefor having been shown.

3. The two lien suits were properly consolidated, and the rights of all the lien claimants were properly determined in the findings and judgment herein. Such is the requirement of the statute in that behalf. R. S. sec. 3324.

4. This brings us to the merits. The defense to all the claims was payment. The facts are that, after the demands accrued, one Leopold Wirth, who was then the president of the distilling company, gave his individual promissory notes to the claimants, respectively, and each account against the company was receipted by the creditor as paid by note, or by note of Leopold Wirth. There is no other satisfactory proof of any agreement or understanding that the notes of Wirth were taken and received by these claimants in payment and discharge of the original indebtedness of the distilling company. Indeed, the positive proof and all reasonable probabilities are that they were not so taken. Such notes were brought into court by the payees therein named, and surrendered for cancellation. The settled law

of this state is that the acceptance, by a creditor, of the promissory note of his debtor for the amount of the debt, although accompanied by a receipt in full for the original demand, or the surrender of the note or other evidence of it, is not a discharge of such original debt, unless the creditor expressly agreed to receive such substituted note as a payment and discharge thereof; and it is immaterial whether the note be given for a precedent liability or one incurred at the time. This rule, as applied to lien cases, is embodied in sec. 3335, R. S., which is as follows: "The taking of a promissory note, or other evidence of debt, for any such supplies or materials furnished, or labor or services done, shall not discharge the lien therefor hereby given, unless expressly received in payment therefor, and so specified therein." The burden of proof is upon the debtor to show, by direct and positive proof, that the creditor so agreed. A surrender by the creditor of the old note, or the receipting of the original account as paid in full by the new note, raises no presumption that the original debt has been paid.

The rule is the same if, as in this case, the note of a third person is thus received by the creditor for an antecedent indebtedness. The cases in this court which affirm the above rules (irrespective of the statute) are very numerous. It is sufficient to cite *Ford v. Mitchell*, 15 Wis. 304; *Paine v. Voorhees*, 26 Wis. 522; *Aultman v. Jett*, 42 Wis. 488; *First Nat. Bank v. Case*, 63 Wis. 504. Should any one be desirous of accumulating authorities to the same effect, both in this state and elsewhere, he will find scores of them cited in the opinions in the above cases, in the opinion by Mr. Justice TAYLOR in *Hæflinger v. Wells*, 47 Wis. 628, and in the several briefs of counsel herein.

5. An attempt was made on the trial to raise an equity in favor of the appellant by showing that, after Wirth had given his individual notes for the demands of the lien

claimants, the appellant, acting upon the belief that an effectual novation had been accomplished and that Wirth had become its creditor in place of the lien claimants, issued to Wirth certain of its capital stock in payment of such substituted indebtedness. This fact (if it be a fact) is of no importance. It is the fault of the appellant if it so issued its stock without obtaining an effectual release of its original indebtedness to the lien claimants. If loss has thereby ensued, the appellant must bear it.

No other errors are assigned of sufficient importance to require special notice. We find no valid reason for disturbing the judgment.

*By the Court.*— Judgment affirmed.

Upon a motion for a retaxation of the costs in this court, the following opinion was filed November 23, 1886:

By THE COURT. Motion by the defendants *Weisel & Vilter* for a retaxation of costs. The clerk taxed the disbursements of the moving parties against the appellant but refused to tax an additional attorney's fee of $25 in their favor, which they claim under R. S. sec. 2949. The real respondents in the appeal to this court are the seven lien claimants, of whom the moving parties are one. These all occupy the relation of plaintiffs in the action, although some of them, for some cause or other, are named as defendants. That they are so named is of no importance on the question of costs. These should be taxed as though all the claimants stood upon the record as plaintiffs. We think, however, that all the lien claimants together constitute " the prevailing party " in the sense in which that term is employed in sec. 2949, and hence that only $25 attorney's fees should be taxed in the action. Such would be the result had six of the claimants assigned their claims to the seventh, and had the action been brought by him, as might

have been done under sec. 3316. It is not perceived why more attorney's fees should be allowed because the seven claimants elected to come into court individually (but regularly in one action) to prosecute their respective claims, instead of prosecuting them by a single representative.

Where several parties having separate claims are joined in one action, pursuant to a statute, as in this case, we think the same rule should prevail as to costs as would prevail were all the claimants jointly interested. In the latter case but one attorney's fee could properly be taxed. It is immaterial here that the moving parties brought a separate action. They might have preserved their action by making all the lien claimants parties thereto before the same thing was done in this action.

It was proper to allow the taxable disbursements of each of the lien claimants, and probably each has an interest in the attorney's fees taxed. However, that is a matter for adjustment between themselves.

The motion is denied, without costs, except clerk's fees, and the taxation by the clerk is affirmed.

