[No. 765. Decided March 10, 1893.]

WILLIAM WADHAMS, *Appellant*, v. ALFRED PAGE, *Defendant*, AND JOSEPH GREEN, *Respondent*.

APPEAL — TIME OF FILING STATEMENT — PARTNERSHIP — DISSOLUTION — NOVATION — PRACTICE — INSTRUCTING JURY TO FIND FOR PLAINTIFF.

The time within which a statement of facts should be filed on appeal begins to run from the date of the judgment on a verdict for the defendant, and not from the date of the verdict.

An agreement between parties, whereby the partnership is dissolved and one of them released from liability for past debts, does not bind a creditor to whom notice thereof is sent, when there is no consent or act of acquiescence on his part.

Where the defendant in an action of debt admits the indebtedness but sets up an affirmative defense which throws the burden of the issue on him, and the undisputed proofs show a failure to prove the facts necessary to sustain such defense, the jury should be instructed to find a verdict for the plaintiff.

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* for appellant.

*Stratton, Lewis & Gilman (Ernest S. Lyons,* of counsel), for respondents.

The opinion of the court was delivered by

HOYT, J.—In our opinion a case is no more terminated by a verdict for the defendant than by one for the plaintiff. In either case it is the judgment rendered upon such verdict that finally adjudicates the rights of the parties, and as it is conceded that the necessary steps were taken within thirty days after the rendition of the judgment upon the verdict, it follows that the motion to dismiss for the reason that they were not taken in time must be denied.

Plaintiff brought the action to recover of the firm of Page & Green an amount alleged to be due as a balance of account for goods sold and delivered. The defendant Green in his answer admitted the indebtedness as set out in the complaint, and set up two defenses to such claim— *First*, That the same had been fully paid; *second*, that the said firm had been discharged by reason of a novation by which it was agreed by the said plaintiff and the said firm of Page & Green and Alfred Page, one of the members of said firm, that the plaintiff would look only to the said Page for the payment of said account, and would and did discharge the said firm of Page & Green from all liability on account thereof.

The indebtedness alleged in the complaint having been admitted, the defendant was adjudged by the court to have the affirmative of the issue made by his said answer. Upon the trial such defendant not only failed to make out his defense of payment by affirmative proof showing that the amount had been paid, but, on the contrary, by his own proof showed beyond any possible question that the amount in controversy never had been paid by anybody. As to the second defense set up in the answer, the proof on the part of the defendant showed only that in March, 1884, the firm of Page & Green had been dissolved. That as between the members thereof it was agreed that Page

should be entitled to the credits due said firm, and should assume the indebtedness thereof.  That knowledge of the dissolution of the said firm, and of the fact that as between the partners Page was to pay the indebtedness, was communicated to the plaintiff some time during that month, or the early part of the April following.  He introduced absolutely no proof tending in the least degree to show any consent on the part of the plaintiff to such arrangement, or any agreement by him that he would in any manner discharge the firm of Page & Green from liability and look only to said Page.

The only circumstance proven which could in the most remote degree tend to establish such consent or promise on the part of the plaintiff was the fact testified to by the defendant, that two years or more elapsed after such dissolution before any demand was made upon him by the plaintiff for the payment of the amount.  Even this fact is not very satisfactorily established by the testimony of the defendant, for the reason that he practically admits that at an earlier date he was asked by a person representing himself as the agent of the plaintiff to make a note to cover the amount of said indebtedness.  But assuming that the fact of this delay was established beyond any question, it would not in itself. establish a consent or acquiescence on the part of the plaintiff in the arrangement between the members of the said firm of Page & Green.  That there could be no change of the contract relations as between the firm of Page & Green and the plaintiff without his consent or acquiescence is too clear for argument.  It follows that there was an entire failure on the part of the defendant to prove one of the facts necessary to constitute a novation which would bind the plaintiff.

If it appeared from the record that the plaintiff had continued for a long time to deal with Page, and had received money from him and applied the same upon his personal

indebtedness, there might be some ground for contending that such acts on his part, coupled with a long delay in attempting to assert the claim as against the defendant Green, would tend to prove a consent or acquiescence on the part of the plaintiff to the arrangement under which the firm of Page & Green had dissolved, and to in some measure at least warrant a claim that the money so paid by Page and applied by plaintiff on his personal account, should have been applied upon the account of Page & Green. But that such facts did not exist in this case is made very clear. It is an absolutely undisputed fact upon the whole record that every dollar of money paid by said Page, or by Page & Green, has been applied upon the account of the firm, and that the amount for which this suit was brought remains unpaid after such application. Counsel for defendant attempted in his argument to make something out of the circumstance that at the time an account was opened with said Page, a remittance of $200 by him was credited to his account, instead of to the account of Page & Green. But the proof clearly shows that this same $200 was very soon thereafter credited to the account of the firm of Page & Green, and the personal account of Page charged therewith. · So that the situation is just the same as though said $200 had been in the first instance credited to the firm of Page & Green.

There was then no proof introduced by the defendant tending to show the existence of all the facts necessary to sustain the defense of novation, as pleaded in the answer.

Under the circumstances of this case, as made by the pleadings, the plaintiff was entitled to a judgment for the amount claimed by him, unless one or the other of the defenses pleaded in the answer were established, and as the undisputed proofs show a failure on the part of the defendant to establish either of them, there was nothing which should have been submitted to the jury. The defense was

an affirmative one, and was subject to the same rules as the case of a plaintiff who has the affirmative of an issue and upon a total failure to prove the facts necessary to sustain it, should have been taken from the consideration of the jury. The motion of the plaintiff, made at the close of the case of the defendant, that the jury be instructed to find a verdict for the amount claimed by the plaintiff in his complaint should have been granted, as, under the facts established by undisputed proofs, the plaintiff was entitled to recover.

The judgment must be reversed, and the cause remanded with instructions to the court below to enter a judgment in favor of the plaintiff for the amount sued for, with interest thereon to date of the entry of such judgment.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.