## VENABLE & HEYMAN *v.* STEVENS.

1. Where goods are sold to a firm and shipped by a common carrier,.
   but before the goods are actually received into the firm's custody
   it is dissolved by one of the members retiring, and the remaining
   members form a new partnership, and the retiring member, for
   his own protection, prevents a delivery of the goods by the carrier
   to the new firm until the seller has consented to look to the new
   firm for payment, and the seller, upon being notified of these
   facts, accepts acceptances of the new firm upon drafts drawn for
   the price of the goods on the old firm, and the goods are there-
   after delivered by the carrier to the new firm, the retiring mem-
   ber is thereby discharged from all further liability for the price of
   the goods.
2. In the light of the evidence, there was no error in denying a new
   trial upon any of the grounds stated in the motion.

   August 14, 1894.

Complaint on account. Before Judge BARTLETT.
Terrell superior court. May term, 1893.

HOYL & PARKS, by brief, for plaintiffs.

WOOTEN & WOOTEN and J. A. LAING, for defendant.

LUMPKIN, Justice.

An action was brought by Venable & Heyman against

Hillman, Stevens and Wade, as partners using the firm name of Hillman, Stevens & Co., upon an open account for merchandise. The real controversy was as to the liability of Stevens. The evidence, briefly stated, disclosed the following state of facts: The goods were sold by the plaintiffs to the firm of Hillman, Stevens & Co., and delivered to a common carrier; but before they were actually received into the firm's custody, there was a dissolution of the firm, Stevens retiring from the business. The other two members of the firm formed a new partnership, under the name of Hillman & Wade. Stevens, recognizing his liability under the purchase made by the old firm, took steps to prevent a delivery of the goods by the carrier to his successors in the business, until the plaintiffs had consented to look to the new firm alone for payment. They had previously drawn drafts on the old firm for the price of the goods; but afterwards, and with a full knowledge of the detention of the goods by the carrier at the instance of Stevens, accepted acceptances of the new firm upon the drafts already mentioned, and after this the goods were delivered by the carrier to the new firm.

It seems quite plain to us that, under the facts stated, the retiring member was discharged from all further liability. That he was originally bound for the price of the goods, is beyond question; and it is also true that he could not escape this liability by any contract of dissolution between himself and his partners. But in retiring he took steps to protect himself from liability as to this very account. Whether he had a right to have the goods detained by the carrier is not now material. The plaintiffs, by their conduct, acquiesced in the course pursued by him, and, in effect, voluntarily consented that, upon delivery of the goods to Hillman & Wade, they would no longer look to Stevens for payment; and this consent is clearly manifested by their taking, without objection, the acceptances of the new firm.

There were many grounds in the motion for a new trial, but it is not necessary to discuss them, because, in the light of the evidence, the verdict in Stevens' favor was manifestly right, and ought to stand irrespective of any of the rulings or charges of the court below upon which error is assigned.          *Judgment affirmed.*