GRUBBE, Respondent, vs. PIERCE, imp., Appellant.

*January 16—February 3, 1914.*

*Partnership: Acceptance of note of one partner for firm debt: Discharge of other partners: Contracts: Consideration: Waiver of claim: Questions for jury.*

1. Where a creditor accepts an evidence of indebtedness from one of two persons jointly liable and informs the debtor who gives such evidence that he accepts him for the debt, a jury may reasonably draw the inference that the creditor intends to release the other debtor.

2. Where a due-bill or note of one partner for the amount of a firm debt is accepted by the creditor, and the latter at the same time expressly agrees to accept such partner alone for the debt, such acceptance and agreement make a valid contract which operates to discharge the other partner or partners.

3. Even if it should be conceded that such an agreement is not supported by any valid consideration, yet if it was made by the creditor with full knowledge of the facts it may be found that he thereby waived his claim against the other partners, especially where there are equitable considerations which might well have induced him to do so.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Francis S. Bradford,* attorney, and *E. T. Fairchild,* of counsel, and oral argument by *Mr. Bradford.*

*Julius P. Frank,* for the respondent.

BARNES, J. The defendants were copartners doing business at Appleton under the firm name of Lahay & Company. Their business consisted of taking orders for $16 suits of clothes made by the International Tailoring Company of Chicago. The plaintiff was the agent of the Wells Fargo Express Company at Appleton. The defendant *Pierce* lived in Milwaukee and took no active part in the management of the business. He first directed that the clothes be shipped on open account to the firm, but, learning that Lahay was not paying the bills as he should, undertook to protect himself by directing the shipments to be made by express, C. O. D., and they were so made. *Grubbe,* without *Pierce's* knowledge or consent, and against the rules of his employer, delivered goods to the amount of $418 to Lahay without collecting the amount called for on delivery of the goods. He was required by the express company to make good this sum, and sues both partners to recover his loss. The court directed a verdict in plaintiff's favor. *Grubbe* was advised by Lahay that *Pierce* was a partner in the business and was responsible, but testified that he did not know whether he was so informed before or after the credit was furnished. He also testified that before the credit was extended he knew that *Pierce* was in the firm.

On July 25, 1912, *Grubbe* took a due-bill signed by W. F. Lahay for the amount of the account. Later he took a note signed by Lahay for the amount due and attempted to negotiate it. He was asked if he took the note in settlement of the indebtedness, and replied: "No, sir, I took it as an ac-

commodation note to pay the account." He also testified that he did not take Lahay for the amount of the bills, but took Lahay & Company. One Steidl, who had been employed in defendants' store, testified that *Grubbe* wanted to learn Lahay's address because he thought Lahay was honest and he might get $20 or $25 on account from him from time to time. Lahay testified that plaintiff accepted a due-bill signed by him individually for the amount of the claim and agreed to take him (Lahay) for the amount of the debt. The note was destroyed and it does not appear when it became due.

Under this testimony a jury might find that plaintiff accepted the due-bill and note of Lahay for the amount of the debt with the understanding and agreement that *Pierce* should be released. Where a creditor accepts an evidence of indebtedness from one of two persons jointly liable and informs the debtor who gives such evidence that he accepts him for the debt, the inference may reasonably be drawn that the creditor intends to release the other debtor. It was for the jury to draw such inference in this case, if the alleged agreement was valid.

The briefs on file give us no assistance on the most difficult question in the case. Numerous authorities hold that where a creditor accepts the note or obligation of a third person under an agreement to discharge one primarily liable, the agreement is valid. *Challoner v. Boyington,* 83 Wis. 399, 53 N. W. 694; *Willow River L. Co. v. Luger F. Co.* 102 Wis. 636, 78 N. W. 762; *Davenport v. Schram,* 9 Wis. 119; *Allis v. Meadow Spring D. Co.* 67 Wis. 16, 29 N. W. 543, 30 N. W. 300; *First Nat. Bank v. Case,* 63 Wis. 504, 22 N. W. 833.

There are authorities which hold that the taking by a creditor of a note or obligation of one partner under an agreement to discharge a copartner jointly liable does not preclude the creditor from proceeding against all the part-

ners to collect the debt. It is said that the party giving the obligation is simply agreeing to pay his own debt and that the creditor receives no benefit from the promise made by him to release one of his debtors, and therefore it is *nudum pactum.* *Cole v. Sackett,* 1 Hill (N. Y.) 516; *Waydell v. Luer,* 5 Hill (N. Y.) 448; *Frentress v. Markle,* 2 G. Greene (Iowa) 553; *Early v. Burt,* 68 Iowa, 716, 28 N. W. 35; *Walstrom v. Hopkins,* 103 Pa. St. 118; *Morrison v. Kendall,* 6 Ind. App. 212, 33 N. E. 370.

The preponderance of authority is, however, to the contrary. The English cases hold that the taking of a note or obligation of one partner for a partnership debt, coupled with an agreement to accept the same as a payment and to discharge the other parties liable for the debt, does in fact discharge them. *Thompson v. Percival,* 5 B. & Ad. 925; *Lyth v. Ault,* 7 Exch. 669. These cases hold that the transaction constitutes an accord and satisfaction.

Chief Justice MARSHALL, in speaking of the discharge of one of two joint debtors in the manner above specified, says:

"The note of one of the parties, or of a third person, may, by agreement, be received in payment. The doctrine of *nudum pactum* does not apply to such a case; for a man may, if such be his will, discharge his debtor without any consideration. But, if it did apply, there may be inducements to take a note from one partner liquidating and evidencing a claim on a firm which might be a sufficient consideration for discharging the firm." *Sheehy v. Mandeville,* 6 Cranch, 253, 264.

The following cases hold directly or inferentially that where the note or obligation of one partner is tendered to and accepted by the creditor and the latter agrees to look to such partner alone for his debt, the remaining partner or partners are discharged: *Collyer v. Moulton,* 9 R. I. 90; *Motley v. Wickoff,* 113 Mich. 231, 71 N. W. 520; *Harris v. Lindsay,* 4 Wash. C. C. 271; *Wadhams v. Page,* 6 Wash. 103, 32 Pac. 1068; *First Nat. Bank v. Cheney,* 114 Ala.

536, 21 South. 1002; *Hoopes v. McCan,* 19 La. Ann. 201; *Lewis v. Davidson's Ex'r,* 39 Tex. 660; *Burdett v. Greer,* 63 W. Va. 515, 60 S. E. 497. Other cases which lean in the same direction, but which were decided on somewhat different facts, are: *Venable v. Stevens,* 94 Ga. 281, 21 S. E. 516; *Hellman v. Schwartz,* 44 Ill. App. 84; *Rusk v. Gray,* 83 Ind. 589; *Stone v. Chamberlin,* 20 Ga. 259; *Frye v. Phillips,* 46 Wash. 190, 89 Pac. 559.

There seems to be but one case decided in this court which involves the question under consideration. *Hœflinger v. Wells,* 47 Wis. 628, 3 N. W. 589. In this case it is held that, where the individual note of one partner is taken for a loan made to a firm, the presumption is that it was not taken in payment. In the opinion it is said:

"And if the jury or the court should find as a fact that the money was borrowed by and loaned to the firm, and upon its credit, then the taking of the individual note of one member of the firm would not be a payment of such firm debt, unless it was affirmatively shown that such note was taken in payment of the same."

The case of *Sheehy v. Mandeville, supra,* is cited to the proposition quoted, and the court evidently intended to follow Chief Justice MARSHALL's decision and hold that such an agreement as we are considering would not be *nudum pactum.*

Considering what our own court has said upon the subject and the authorities elsewhere, we think it should be held that if plaintiff accepted a due-bill or note from Lahay for the amount of the firm debt, agreeing expressly at the same time to accept Lahay solely for the debt, such acceptance and agreement made a valid contract which operated to discharge *Pierce.*

If it should be conceded that there was no valid consideration to support such an agreement, we still think the question of whether or not such an arrangement had been made should

have been submitted to the jury.    Surely the plaintiff had
the right to waive his claim against *Pierce*.    There are some
equitable considerations which might well induce him to do
so.    *Pierce* had tried to protect himself against the very
thing that happened, by directing the goods to be shipped
C. O. D., and it was only because plaintiff failed to do what
*Pierce* had a perfect right to assume he would do that *Pierce*
became liable.    Some of our cases have defined a waiver to
be an intentional relinquishment of a known right.    *Monroe
W. W. Co. v. Monroe,* 110 Wis. 11, 22, 85 N. W. 685;
*Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 479,
117 N. W. 1020; *Dunn v. Superior,* 148 Wis. 636, 645, 135
N. W. 145.    Other cases have gone still farther, but for
present purposes the cases cited go far enough.    If it should
be found that plaintiff made the agreement claimed with full
knowledge of the facts, it might also be found that he waived
his claim against *Pierce*.    *Consaulus v. McConihe,* 2 N. Y.
Supp. 89, and 119 N. Y. 652.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.