MARSHALL FIELD & COMPANY, Respondent, vs. FISHKIN,
Appellant.

*February 8—March 6, 1923.*

*Partnership: Dissolution: Liability of outgoing partner to firm
creditors: Promise to release one partner: Novation: Re-
opening default judgment: Absence of proof as to proposed
defense: Discretion of court.*

1. Where a father sold to his son, who had formerly been his
   partner, all his interest in a stock of merchandise, the son
   assuming all obligations and being prohibited from further
   using the father's name in the business, and the son, to
   settle a pre-existing debt, gave postdated checks, the trans-
   action did not amount to a novation, even though accompanied
   by a promise to release the father, it being no more than an
   agreement to release one of two joint debtors and to accept
   the other for the debt.
2. The dissolution of a partnership does not of itself change the
   relation of the retiring partner from that of a principal
   debtor to a surety so far as existing creditors of the firm are
   concerned. *Gates v. Hughes,* 44 Wis. 332, and *Brill v.
   Hoile,* 53 Wis. 537, overruled; *First Nat. Bank v. Finck,* 100
   Wis. 446, followed.
3. A motion to open a judgment by default is addressed to the
   sound discretion of the trial court, and will not be disturbed in
   the absence of abuse of such discretion.
4. A proposed answer which alleged that a creditor had accepted
   postdated checks in payment of the partnership debt from the
   continuing partner and agreed to release the retiring partner,
   which is denied by the creditor, and the partner whom de-
   fendant claims to have been a party to such agreement having
   absconded and there being no evidence other than the giving
   of the checks, does not present a defense such as to make the
   denial of a motion to reopen a judgment entered upon de-
   fault an abuse of discretion by the trial court.

APPEAL from an order of the circuit court for Green
Lake county: CHESTER A. FOWLER, Circuit Judge. *Af-
firmed.*

The defendant and appellant, *Aaron Fishkin,* is the father
of Abraham Fishkin. The appellant, who then was and
since has been in the mercantile business at Princeton, on

the 21st day of May, 1921, opened a store at Redgranite, supplying therefor a stock of goods of the value of $3,500. The son, Abraham Fishkin, was placed in charge, and from that time until January 2, 1922, the business was conducted under the firm name of Fishkin & Son. The appellant claims that from and after January 2, 1922, the business was conducted by and under the name of the son, A. Fishkin. The son continued in the business until about June 28, 1922, when he absconded, leaving unpaid accounts. Thereupon the father, commenced an action against the son, attached the stock of goods, and obtained judgment for the sum of $10,274.71. Thereafter said stock of goods was sold upon execution issued on said judgment and bought in by said appellant. Of the judgment which appellant recovered against the son $6,587.71 represented the liability of appellant to the creditors of Fishkin & Son.

This action was brought by respondent against appellant and his son Abraham to recover on open account for goods, wares, and merchandise furnished Fishkin & Son between May 21, 1921, and January 2, 1922. Both appellant and his son defaulted, and judgment was rendered in favor of plaintiff against both defendants in the sum of $445.52. Such judgment was rendered November 8, 1922. On November 18, 1922, appellant obtained an order to show cause why said judgment should not be opened as to him and he be permitted to defend. The moving papers were accompanied by a proposed verified answer in which the defendant *Aaron Fishkin* denied that he was in partnership with his son Abraham, but admitted that he permitted the son to conduct the Redgranite store under the name of Fishkin & Son; that on January 2, 1922, he sold to his son all his interest in the merchandise stock in the Redgranite store and prohibited his son from further using his name in connection with said business, and duly notified the plaintiff and all other firms that had theretofore transacted business with

said Redgranite store; that at said time Abraham Fishkin assumed and agreed to pay all the outstanding bills and obligations of said store under whatsoever name or title contracted; that thereafter plaintiff sent its representative to Redgranite, who then and there, with full knowledge of all the facts, agreed to do business with the defendant Abraham Fishkin and to accept him as solely and alone liable for any indebtedness that had theretofore been incurred, and particularly the indebtedness mentioned in the complaint, and then and there agreed to release the defendant *Aaron Fishkin* from any obligation or liability whatsoever upon the indebtedness mentioned in the complaint, or any part thereof; that at said time plaintiff accepted six postdated checks of said Abraham Fishkin; that one of said checks had been paid, and the others are still held by plaintiff; that thereby plaintiff extended the time of payment of the said account, to the prejudice of the appellant, thereby discharging appellant from any liability thereon.

Appellant's motion to open up the judgment was denied by the court, from which order he brings this appeal.

For the appellant there was a brief by *Otto P. Lehner* of Madison and *John L. Nesbitt* of Oxford, attorneys, and *Lehner & Lehner* of Oconto Falls, of counsel, and oral argument by *Otto P. Lehner*.

*E. F. Kileen* of Wautoma, for the respondent.

OWEN, J. While appellant denies that there was in fact a partnership between him and his son from May 21, 1921, to January 2, 1922, he admits that the business was conducted under the name of Fishkin & Son, with his knowledge and consent. He therefore permitted himself to be held out to the public, and those doing business with the Redgranite store, as a partner, and we understand that his original liability as such is not seriously disputed. It appears that W. G. Forrest, the house attorney and adjuster for

plaintiff, called at the Redgranite store on or about March 11th and had a talk with Abraham Fishkin concerning the indebtedness of the store which had been incurred prior to January 2d and was owing to the plaintiff; that Abraham then and there gave him six postdated checks aggregating the amount of the indebtedness; that the adjuster supposed that the checks were those of A. Fishkin & Son, but it transpired that only one of them was so signed, that being the one on top of the number handed to the adjuster; the others were signed simply "Abraham Fishkin," but, by reason of the top check being signed Fishkin & Son, the adjuster did not give special attention to the manner in which the others were signed. Only one of these checks was paid; the others were protested.

Appellant claims that this transaction discharged him from any liability on the account because the transaction amounted to (1) a novation, or substitution of the son for the father as debtor by the act of the plaintiff; (2) that after the dissolution of the partnership, on January 2d, when the son assumed and agreed to pay the debts of the firm, the father thereafter as retiring partner was liable only as a surety, and that the acceptance of the postdated checks extended the time of payment and thereby released appellant; and (3) that this conduct of the plaintiff, under the circumstances, was a waiver of its claim against the father. We will treat these contentions in their order.

1. Whatever may have been the effect of receiving the postdated checks, even though accompanied by a promise to release the father, it did not amount to a novation. It was not the agreement of a debtor to release a creditor and to accept another therefor. It was no more than an agreement to release one of two joint debtors and accept the other for the debt, as was the case in *Grubbe v. Pierce,* 156 Wis. 29, 145 N. W. 207, which, it was said in *T. W. Stevenson Co. v. Peterson,* 163 Wis. 258, 157 N. W. 750, did not amount to a novation.

Marshall Field & Co. v. Fishkin, 180 Wis. 149.

2. The dissolution of the partnership did not of itself change the relation of appellant from that of principal debtor to surety, as far as the then existing obligations of the firm were concerned. While the cases of *Gates v. Hughes,* 44 Wis. 332, and *Brill v. Hoile,* 53 Wis. 537, 11 N. W. 42, seem to so hold, a different conclusion was announced in *First Nat. Bank v. Finck,* 100 Wis. 446, 76 N. W. 608, where it is held that the assumption of a joint debt by one of the debtors and a promise to hold the other harmless therefrom do not render the latter a surety merely as between him and the creditor where the creditor did not consent to any change of liability and received no consideration for such a consent. This conclusion is inconsistent with the doctrine of *Gates v. Hughes* and *Brill v. Hoile,* and although these cases were not referred to in the opinion of the court or cited in the briefs of counsel they must be considered to have been inferentially overruled by *First Nat. Bank v. Finck.* The latter case is in accord with the great weight of, if not universal, authority, aside from *Gates v. Hughes* and *Brill v. Hoile, supra.* See note in 9 L. R. A. N. s. 76, where it is stated that while, "as between partners, or as between retiring and continuing and incoming partners, the new firm obligating itself to the retiring partner to pay all the debts, the relation of principal and surety exists between the continuing or incoming partners on the one hand and the retiring partners on the other, yet, as to a creditor of the old partnership not consenting to the change, all the members of the old firm remain principals and joint debtors."

3. In *Grubbe v. Pierce,* 156 Wis. 29, 145 N. W. 207, it is held that where the note or obligation of one partner is tendered to and accepted by the creditor, and the latter agrees to look to such partner alone for his debt, the remaining partner or partners are discharged. If plaintiff's adjuster accepted the postdated checks in payment of the partnership debt and agreed to release appellant, it resulted in the discharge of the latter and he has a good defense to

the present action.    However, it must appear that there
was an agreement on the part of the plaintiff to release the
appellant and to look only to the son for the payment of the
account.    While this fact is alleged in the proposed answer,
there is nothing in the record to justify a belief that any
proof thereof is available to the appellant.    An affidavit of
the adjuster was filed in opposition to the motion in which
such agreement is explicitly denied.    The appellant was not
present, and, while he verifies the answer of his own knowl-
edge, it is apparent that he has no knowledge of what
occurred upon the occasion of the adjuster's visit to the Red-
granite store.    The son has absconded and his present
whereabouts are unknown,    The mere delivery of the checks
raises no presumption that they were either given or taken
in payment of the debt.    In fact, the contrary presumption
obtains.    *Hœflinger v. Wells,* 47 Wis. 628, 3 N. W. 589.
An affidavit of the plaintiff's attorney was filed in opposition
to the motion, in which it is stated that this very claim was
included in the judgment which the appellant recovered
against the son on the ground that he was liable for the pay-
ment thereof.    This is not denied.

This motion is addressed to the sound discretion of the
court.    Even though the default was excusable, the judg-
ment should not be opened up and the parties subjected to
the expense of a trial unless there is reason to believe that
injustice will result from a denial of the motion.    Besides
the case of the father against the son, it appears that at
least one other case was brought by a creditor of the partner-
ship against the appellant which was tried in the circuit
court for Green Lake county.    The trial judge evidently
concluded that the granting of the motion would result in a
waste of time and money and place an unjustifiable burden
upon both parties.    We cannot disturb the order unless it
was the result of an abuse of discretion.    As appellant's only
defense rests upon an agreement of the plaintiff to release

him from liability, of which there appears to be an entire absence of proof, and the circumstances all tend to negative rather than confirm such an agreement, we cannot say that there was an abuse of discretion in refusing to vacate the judgment.

*By the Court.*—Order affirmed.