### J. H. LANE & CO. v. UNITED OILCLOTH CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. SALES—NOVATION.
  Where, after the sale of goods to an individual, the business was incorporated, and the corporation requested the delivery of the goods under the contract to it, and made payment on account of such goods, a novation was effected, and the corporation was substituted for the original purchaser, as debtor of the seller.
  [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 1790; vol. 37, Cent. Dig. Novation, § 5.]

2. SAME.
  An express agreement is not requisite for a novation or substitution of parties to a contract, as it may be implied.

3. SAME—RELEASE OF PURCHASER.
  Where, after the sale of goods to an individual, the business was incorporated, and the seller assented, and looked to the corporation for payment, it relinquished all claims against the original purchaser personally, and the novation would be a good defense to any claim by the seller against him.
  [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Novation, § 10.]

Appeal from Special Term, New York County.

Action by J. H. Lane & Co. against the United Oilcloth Company. From an order vacating an attachment, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Dean Emery, for appellant.
Moses Feltenstein, for respondent.

PATTERSON, J. The plaintiff appeals from an order vacating an attachment issued in this action against the United Oilcloth Company, a foreign corporation. The motion to vacate was made upon

the papers upon which the warrant of attachment was issued, and specifically on the ground that those papers failed to disclose a cause of action. The learned judge at Special Term sustained the defendant's contention. Upon an examination of the record, we conclude that his decision was erroneous.

The plaintiff, a corporation, had negotiations with one Max Abrahams, who was engaged in business in New Jersey and New York City, which he conducted under the name of the United Oilcloth Company. The plaintiff contracted to sell to him certain merchandise, the product of its mill. Thereafter two contracts were entered into—one on the 2d of March, 1904, and the other on the 18th day of May, 1904. It is unnecessary to state the terms of those contracts, except the one that deliveries under the second contract were to be made after all the goods provided for in the first contract had been delivered. It further appears by the affidavit of the president of the plaintiff that about the time of the negotiations with reference to the second contract, and prior to the incorporation of the defendant, Abrahams stated to such president that he proposed to take others into the business with him, to obtain more capital and incorporate the business, and the corporation would then take over and go on with the business which Abrahams was doing under the trade name of the United Oilcloth Company; that, before the completion of the contract, Abrahams, with others, did incorporate such business. On July 2, 1904, the United Oilcloth Company, then being incorporated, stated to the plaintiff, in writing, among other things, "We were incorporated on the 23rd ultimo." On July 8, 1904, Max Abrahams notified the plaintiff that the business formerly carried on by him under the name of the United Oilcloth Company had been incorporated under the laws of New Jersey. Abrahams also requested Tallman, the plaintiff's creditman, to make all subsequent shipments to the defendant; Abrahams being the president of the defendant. On July 2, 1904, the United Oilcloth Company, this defendant, wrote to the plaintiff, "We would ask you to bill all goods bought by us to the United Oilcloth Company, as we were incorporated on the 23rd, ultimo." No other goods are referred to in the case than those included in the contracts made by Abrahams with the plaintiff. Some of the goods were delivered to the defendant, and were paid for by it; the checks representing the payments bearing the signature of Abrahams, as president and treasurer. Thus we have a sale originally made to Abrahams; a notification by Abrahams that his business, carried on under the name of the United Oilcloth Company, would be incorporated; the fact that a corporation was formed; a request from that corporation to deliver the goods under the contracts to it; and payments by it on account of such goods. The court below vacated the attachment on the ground that the defendant was not liable, that the contracts were with Abrahams, and that he was the responsible debtor.

Under the facts appearing in the papers, it is evident that a novation was operated, and that the defendant corporation was substituted in the place of Abrahams as the debtor of the plaintiff. It is true that a novation cannot be brought about without the release of the original party and the acceptance of a substitute, but it is not required that

there shall be a release in writing or in any particular form,. nor is the allegation of the complaint inconsistent with the theory of a novation. The complaint contains the statement that the goods were delivered under the contract to Max Abrahams and the said defendant. Some of them were delivered to Abrahams, but in this action a recovery may be had for what was delivered to the defendant at its request, and upon its assumption of the contracts. It is not required that there shall be an express agreement for a novation or substitution of parties to a contract. It may be implied. Seaman v. Whitney, 24 Wend. 260, 35 Am. Dec. 618; De Witt v. Monjo, 46 App. Div. 533, 61 N. Y. Supp. 1046. . The new relationship established between the parties to this action necessarily, as a matter of law, released Abrahams from personal responsibility upon the contracts. The defendant corporation took his place. The plaintiff assented to it, and looked to nobody but the defendant for responsibility; and, having thus acted, it relinquished all claim against Abrahams personally, and the novation would be a good defense to any claim made by the plaintiff against Abrahams.

We are therefore of the opinion that the order vacating the attachment should be reversed, and the attachment reinstated, with costs to the appellant. All concur.