J. H. Lane & Company, Appellant, *v.* The United Oil Cloth Company, Respondent.

*Novation — what establishes it — release of the original debtor, how it may be evidenced.*

Where a sale of goods was originally made to one Abrahams, who conducted business under the name of "The United Oil Cloth Company," evidence that Abrahams notified the vendor that his business would be incorporated; that a corporation called "The United Oil Cloth Company" was subsequently formed to take over such business; that Abrahams and the corporation notified the vendor to deliver to the corporation the goods originally sold to Abrahams, which the vendor did, and that the corporation made payments to the vendor on account of such goods, is sufficient to establish a novation by which the corporation was substituted in the place of Abrahams as the debtor of the vendor.

While it is true that a novation cannot be brought about without the release of the original party and the acceptance of a substitute, it is not necessary that there shall be a release in writing or in any particular form or that there shall be an express agreement for a novation or a substitution of parties.

Appeal by the plaintiff, J. H. Lane & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of February, 1905, vacating an attachment theretofore issued against the defendant, a foreign corporation.

*Dean Emery,* for the appellant.

*Moses Feltenstein,* for the respondent.

Patterson, J. :

The plaintiff appeals from an order vacating an attachment issued in this action against "The United Oil Cloth Company," a foreign corporation. The motion to vacate was made upon the papers upon which the warrant of attachment was issued and specifically on the ground that those papers failed to disclose a cause of action. The learned judge at Special Term sustained the defendant's contention. Upon an examination of the record we conclude that his decision was erroneous.

The plaintiff, a corporation, had negotiations with one Max Abrahams, who was engaged in business in New Jersey and New

York city, which he conducted under the name of the " The United Oil Cloth Company." The plaintiff contracted to sell to him certain merchandise, the product of its mill. Thereafter two contracts were entered into, one on the 2d of March, 1904, and the other on the 18th day of May, 1904. It is unnecessary to state the terms of those contracts, except the one that deliveries under the second contract were to be made after all the goods provided for in the first contract had been delivered. It further appears by the affidavit of the president of the plaintiff that about the time of the negotiations with reference to the second contract and prior to the incorporation of the defendant, Abrahams stated to such president that he proposed to take others into the business with him to obtain more capital and incorporate the business and the corporation would then take over and go on with the business which Abrahams was doing under the trade name of The United Oil Cloth Company; that before the completion of the contract, Abrahams with others did incorporate such business. On July 2, 1904, The United Oil Cloth Company, then being incorporated, stated to the plaintiff in writing, among other things, "We were incorporated on the 23d ultimo." On July 8, 1904, Max Abrahams notified the plaintiff that the business formerly carried on by him under the name of The United Oil Cloth Company had been incorporated under the laws of New Jersey. Abrahams also requested Tallman, the plaintiff's credit man, to make all subsequent shipments to the defendant, Abrahams being the president of the defendant. On July 2, 1904, The United Oil Cloth Company, this defendant, wrote to the plaintiff, "We would ask you to bill all goods bought by us to The United Oil Cloth Company, as we were incorporated on the 23d ultimo." No other goods are referred to in the case than those included in the contracts made by Abrahams with the plaintiff. Some of the goods were delivered to the defendant and were paid for by it, the checks representing the payments bearing the signature of Abrahams as president and treasurer. Thus we have a sale originally made to Abrahams, a notification by Abrahams that his business carried on under the name of " The United Oil Cloth Company " would be incorporated, the fact that a corporation was formed, a request from that corporation to deliver the goods under the contracts to it, and payments by it on account of such goods. The

FIRST DEPARTMENT, APRIL, 1905.          [Vol. 103.

court below vacated the attachment on the ground that the defendant was not liable; that the contracts were with Abrahams and that he was the responsible debtor.

Under the facts appearing in the papers it is evident that a novation was operated and that the defendant corporation was substituted in the place of Abrahams as the debtor of the plaintiff. It is true that a novation cannot be brought about without the release of the original party and the acceptance of a substitute, but it is not required that there shall be a release in writing or in any particular form, nor is the allegation of the complaint inconsistent with the theory of a novation. The complaint contains the statement that the goods were delivered under the contract to Max Abrahams and the said defendant. Some of them were delivered to Abrahams, but in this action a recovery may be had for what was delivered to the defendant at its request and upon its assumption of the contracts. It is not required that there shall be an express agreement for a novation or substitution of parties to a contract. It may be implied. (*Seaman* v. *Whitney*, 24 Wend. 260; *DeWitt* v. *Monjo*, 46 App. Div. 533.) The new relationship established between the parties to this action necessarily, as a matter of law, released Abrahams from personal responsibility upon the contracts. The defendant corporation took his place, the plaintiff assented to it and looked to nobody but the defendant for responsibility, and having thus acted, it relinquished all claim against Abrahams personally, and the novation would be a good defense to any claim made by the plaintiff against Abrahams.

We are, therefore, of the opinion that the order vacating the attachment should be reversed and the attachment reinstated, with costs to the appellant.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and attachment reinstated, with ten dollars costs.