Bishop-Babcock-Becker Company, Appellant, vs. Keeley, Respondent.

*March 26—April 13, 1915.*

*Novation: Acceptance: Bills and notes: Discharge of maker: Evidence.*

1. Acceptance by the creditor of a novation whereby a new debtor is substituted and the old one discharged need not be by express words, but may be implied from facts and conduct.
2. In an action against the maker of promissory notes, the evidence is *held* to sustain a finding of the trial court that the payee (plaintiff's assignor) had consented to an agreement by which the liability of the maker was extinguished and another person was substituted as the debtor on the notes.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Affirmed.*

This is an action to recover the principal and interest on a series of notes, secured by a chattel mortgage, executed by the defendant.

Prior to March, 1910, *Mrs. M. W. Keeley,* the defendant, conducted a confectionery store in the city of Madison. James Y. Keeley, her husband, acted as her agent. About the 30th day of August, 1909, the defendant executed and delivered to the L. A. Becker Company a number of promissory notes for the purchase price of a soda-water fountain and supplies. These notes were secured by a chattel mortgage. The L. A. Becker Company assigned the notes to the plaintiff company in 1911. The plaintiff company is a foreign corporation. During the year 1910 the defendant transferred all of the personal property, stock, and fixtures in her store to the Palace of Sweets Company, which was organized in March, 1910. When the Palace of Sweets Company was organized it assumed and agreed to pay all of the liabilities of the defendant, including the notes given to the L. A. Becker Company. The defendant made no payments on the notes

subsequent to March, 1910. It is shown by the testimony that the Palace of Sweets Company did make payments after March, 1910, and these payments were accepted by the plaintiff. There is a conflict in the testimony as to whether J. Y. Keeley made an arrangement with the manager of the plaintiff company whereby the plaintiff agreed to accept the Palace of Sweets Company as the debtor of these notes in place of the defendant or not. In March, 1912, the Palace of Sweets Company filed a voluntary petition in bankruptcy and the L. A. Becker Company appeared in such proceedings and filed a claim as a secured creditor of such company. The United States district court decided that the L. A. Becker Company was not a secured creditor because the chattel mortgage was not properly recorded. The company then appeared as an unsecured creditor and shared *pro rata* with the other general creditors.

A jury being waived, the circuit court found as facts that defendant, while doing business as a sole trader, gave her promissory notes for a portion of the purchase price of goods purchased of plaintiff's predecessor; that in March, 1910, the Palace of Sweets Company was formed, which took over all the assets of defendant in her business, and that soon thereafter plaintiff's predecessor in title was informed of the transfer and consented to accept the Palace of Sweets Company as the debtor on such notes. The court entered judgment dismissing the plaintiff's complaint and that the defendant recover costs and disbursements. From such judgment this appeal is taken.

For the appellant there was a brief by *Welton, Marks & Porter,* and oral argument by *C. E. Marks.* To the point that there was no novation they cited *Pope v. Vajen,* 121 Ind. 317, 22 N. E. 308, 6 L. R. A. 688; *Lynch v. Austin,* 51 Wis. 287, 8 N. W. 129; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74; *Hemenway v. Beecher,* 139 Wis. 399, 121 N. W. 150; *Latiolais v. Citizens' Bank,* 33 La. Ann.

1444; 29 Cyc. 1136; *De Witt v. Monjo,* 36 App. Div. 553,
61 N. Y. Supp. 1046.

For the respondent there was a brief by *Hill & Spohn,* and
oral argument by *W. H. Spohn.* They argued, among other
things, that to constitute a novation the creditor must have
assented to the discharge of the original debtor and have ac-
cepted the promise of the new debtor to assume the debt.
*Rietzloff v. Glover,* 91 Wis. 65, 64 N. W. 298; *Murphy v.
Hanrahan,* 50 Wis. 485, 7 N. W. 436. But such assent and
acceptance may be implied from the facts and circumstances
attending the transaction and the contract of the parties sub-
sequent thereto. 29 Cyc. 1131, 1137; 21 Am. & Eng. Ency.
of Law (2d ed.) 667, 671; *Union Cent. L. Ins. Co. v. Hoyer,*
66 Ohio St. 344, 64 N. E. 435; *Warren v. Batchelder,* 15
N. H. 129; *Mitrovich v. Fresno F. P. Co.* 123 Cal. 379, 382,
55 Pac. 1064; *Ill. L. Ins. Co. v. Benner,* 78 Kan. 511, 97
Pac. 438; *De Witt v. Monjo,* 46 App. Div. 533, 61 N. Y.
Supp. 1046; *J. H. Lane & Co. v. United O. Co.* 103 App.
Div. 378, 92 N. Y. Supp. 1061; *Hemenway v. Beecher,* 139
Wis. 399, 401, 121 N. W. 150; *Abbott v. Johnson,* 47 Wis.
239, 2 N. W. 332.

SIEBECKER, J. The only question raised is, Was there an
agreement, consented to by the defendant, the Palace of
Sweets Company, and the L. A. Becker Company, by which
the debt of *M. W. Keeley* on these notes was extinguished and
the Palace of Sweets Company accepted as the obligor of the
debt evidenced by the notes? The Palace of Sweets Com-
pany admittedly agreed with the defendant, *M. W. Keeley,*
to assume this debt in consideration of the transfer of all the
property of defendant to the company. It is not required
that acceptance of the terms of novation be shown by express
words, but it may be implied from the facts and circum-
stances of the transaction and the conduct of the parties in
relation thereto. An examination of the evidence and the

conduct of the parties attending the transaction of novation has satisfied us that the circuit court was fully justified in concluding that the L. A. Becker Company, plaintiff's assignor and the owner of the notes in question when the Palace of Sweets Company had been organized in March, 1910, consented to accept the Palace of Sweets Company as the obligor on these notes and thereby released the defendant from liability. We cannot say that the findings of the trial court are against the clear preponderance of the evidence.

*By the Court.*—The judgment appealed from is affirmed.