(173 App. Div. 955)

MICHELIN TIRE CO. v. ROBBINS et al.

(Supreme Court, Appellate Division, Fourth Department.    April 19, 1916.)

NOVATION ⬯5—SUBSTITUTION OF PARTIES.

Where a tire company knew that a garage business was transferred to new proprietors, and accepted them as the persons with whom it would fulfill its contract, intending to release the old proprietor from further performance of the contract, and accept the new in his place as parties, there was a "novation."

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. ⬯5.

For other definitions, see Words and Phrases, First and Second Series, Novation.]

Appeal from Trial Term, Chautauqua County.

Action by the Michelin Tire Company against Samuel B. Robbins, impleaded with others.   From a judgment for plaintiff, the named defendant appeals.   Judgment as against the named defendant reversed, and complaint dismissed as to him.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MER-RELL, and DE ANGELIS, JJ.

Benjamin S. Dean and Ernest Cawcroft, both of Jamestown, for appellant.

Alfred L. Furlow, of Jamestown (James L. Weeks, of Jamestown, of counsel), for respondent.

PER CURIAM.   We are of opinion that the correspondence between plaintiff and the new proprietors of the business of the Chadakoin Garage Company between March 15 and March 29, 1911, shows that plaintiff was aware of the transfer of the business by appellant Robbins and his partner to the new proprietors, and that plaintiff accepted the new proprietors as the persons with whom it would fulfill the contract in place of said Robbins, and that there was an intention on the part of plaintiff and of the new proprietors to release said Robbins from further performance of the contract and to accept the new proprietors in his place as parties to the contract, and that thus there was a novation.   See Lane & Co. v. United Oil Cloth Co., 103 App. Div. 378, 92 N. Y. Supp. 1061.

We also think it should be held that, if there was not a technical novation, then that the contract which plaintiff performed, and under which the indebtedness for which this suit was brought was incurred, is one made by the new proprietors of the business by virtue of said correspondence, and not the original contract made between plaintiff and defendant Robbins and his copartner.   The fifth, twentieth, and twenty-third findings of fact of the referee's report are disapproved.

The judgment as against the defendant Robbins is reversed, with costs, and the complaint as to said Robbins dismissed, with costs.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes