T. W. Stevenson Company, Respondent, vs. Peterson, Appellant.

*April 14—May 2, 1916.*

*Novation: What constitutes: Assent of creditor, how proved: Evidence: Sufficiency.*

1. The essentials of a novation are a mutual agreement between a debtor, his creditor, and a third person by which such third person agrees to be substituted for such debtor and the creditor assents thereto, extinguishing the obligation of such debtor to such creditor and creating in place thereof an obligation of such third person to such creditor.
2. The assent of the creditor to the substitution of a new debtor in place of the old one need not be given by any writing or by express words, but may be shown by circumstances and the conduct of the parties.
3. In an action to recover the amount due for merchandise sold to defendant, the evidence—showing, among other things, that plaintiff was fully informed that defendant had sold his business and stock in trade to third persons who agreed to pay the debt in suit and become substituted in his place as debtor; that thereafter plaintiff treated the account as an indebtedness of such third persons, extended the time for payment at their request, obtained notes from them for the amount, with material advantages over permitting it to stand on mere open account, and notified such person that the notes had been placed to their credit— is *held* to establish circumstantially plaintiff's assent to the substitution of the third persons as debtors in place of. the defendant.

Appeal from a judgment of the circuit court for Dunn county: George Thompson, Circuit Judge. *Reversed.*

Action to recover an amount claimed to be due for a quantity of merchandise sold by plaintiff to the defendant. The defendant answered that there was a contract of novation whereby he sold the merchandise in question and his entire stock of goods to R. R. Porter & Son, they agreed to pay his indebtedness to plaintiff, and it agreed to take them as debtor in his place; and further answered that, after defendant's vendees agreed to pay plaintiff, the latter and such vendees,

without defendant's knowledge or consent, agreed that the time of payment of the debt, which was due January 1, 1914, should be extended, one half to May 1, 1914, and one half to July 1, 1914, such vendees to give their notes for such payments bearing interest at the rate of seven per cent. per annum from January 1, 1914, and agreeing therein to pay, in addition to principal and interest, exchange and collection charges; and that notes were given accordingly, thereby extending the time of payment of the debt without defendant's consent.

The evidence showed this: Defendant informed plaintiff by letter of his having made an agreement with Porter & Son as indicated in the answer and asked to have his debt charged to them and a proper credit to be given to him.    Later plaintiff wrote Porter & Son, mentioning the letter from defendant and stating that it was presumed the understanding between defendant and Porter & Son was that the latter would pay the debt and asking a confirmation.    Later, plaintiff wrote Porter & Son stating that if they intended to pay the debt to reply promptly by check or otherwise.    Later, plaintiff wrote defendant, acknowledging his letter, aforesaid, stating that it had written Porter & Son without receiving a reply, that it expected payment by them or him, and asking the latter to take up the matter with them.    Later, Porter & Son wrote plaintiff confirming the letter of defendant to the effect that they had agreed to pay the debt and offering to give a four months' note drawing interest at the rate of six per cent. March 30, 1914, plaintiff replied, offering to put the account into two seven per cent. notes, dated January 1, 1914, one for half, payable May 1, 1914, and the other for half, payable July 1, 1914, and inclosed two forms for notes to be used in case of the proposition being accepted.    The instruments included an agreement to pay exchange and collection charges and, that, in case of any change taking place in the ownership of the payors' business, or their stock of goods being damaged by fire, or their becoming insolvent, or failing to pay any other

indebtedness to the payee at maturity, or being sued by any other creditor, or placing a chattel mortgage on their stock, the payee might declare the debt due. Porter & Son accepted plaintiff's proposition and it duly received and accepted the notes and placed the amount thereof to the credit of Porter & Son. Some little time thereafter, plaintiff informed defendant that Porter & Son had tendered the notes in payment of the account and that in case of such notes being paid, he would be released, but not otherwise.

The trial court found that notes were given for the indebtedness in question as above indicated and that they were given by Porter & Son to carry out their agreement to assume defendant's debt to plaintiff in consideration of his transfer of stock to them; but found that plaintiff did not agree to accept the payors as its debtors in place of defendant, that the notes were credited to Porter & Son without the knowledge or consent of defendant; that they were not accepted in payment of defendant's obligation; that they were not supported by any consideration; that on the trial they were surrendered for cancellation, and that the indebtedness claimed by plaintiff was due from and payable by defendant. Judgment was ordered accordingly.

For the appellant there was a brief by *J. R. Mathews* and *R. E. Bundy,* and oral argument by *Mr. Bundy* and *Mr. S. G. Gilman.*

*H. H. Dean,* for the respondent.

MARSHALL, J. The following propositions are presented for consideration in this case: First, was there a novation shown by the evidence,—Porter & Son being substituted in place of appellant as respondent's debtors? Second, if the first proposition must be answered in the negative, Porter & Son and appellant having become principal and surety in respect to the indebtedness, did respondent and Porter & Son make a binding agreement, extending the time of payment of

the indebtedness without the consent of appellant and thereby discharge him? The conclusion we have reached on the first proposition renders consideration of the second unnecessary, and also consideration unnecessary of some alleged errors in the findings which are claimed by respondent and to which our attention is called by a notice under ch. 219, Laws 1915.

The essentials of a novation are a mutual agreement between a debtor, his creditor, and a third person by which such third person agrees to be substituted for such debtor and the creditor assents thereto, extinguishing the obligation of such debtor to such creditor and creating one in place thereof of such third person to such creditor. *Hemenway v. Beecher,* 139 Wis. 399, 121 N. W. 150.

There is no controversy here but that all the suggested essentials were shown by the evidence and found to exist except the assent of respondent to accept Porter & Son in place of appellant, and that such assent was not proved unless circumstantially.

It is not necessary to a substitution of debtors that the assent of the creditor to take a new debtor in place of the old one should be given by any writing or by express words. The fact is the vital thing. If that appears clearly by circumstances and the other essentials also appear, they establish a novation. If the trial court thought otherwise and so reached the conclusion that respondent did not agree to accept Porter & Son in place of appellant, error was committed. The following authorities, of many which might be cited, leave no doubt on that point: *Bishop-Babcock-Becker Co. v. Keeley,* 160 Wis. 546, 152 N. W. 189; *Hard v. Burton,* 62 Vt. 314, 20 Atl. 269; *Walker v. Wood,* 170 Ill. 463, 48 N. E. 919; *Warren v. Batchelder,* 15 N. H. 129; *J. H. Lane & Co. v. United O. C. Co.* 103 App. Div. 378, 92 N. Y. Supp. 1061; *De Witt v. Monjo,* 46 App. Div. 533, 61 N. Y. Supp. 1046. They are to the effect that assent of the creditor to a substitu-

tion may be shown by circumstances and the conduct of the parties the same as other facts may similarly be proved.

In the light of the foregoing, we will refer briefly to the characterizing circumstances and conduct in this case.    As indicated by the statement, respondent was fully informed that Porter & Son had purchased appellant's store business and merchandise and agreed to pay the latter's debt to respondent and become substituted in his place as debtor.    Respondent must have known, when Porter & Son requested time to pay the debt and to have their four months six per cent. note taken therefor, that they were' endeavoring to carry out their agreement to become substituted.    With that knowledge, respondent dealt with them without a suggestion of objection to the desired substitution, making the counter proposition for an extension of time for paying the debt, which included material advantages over permitting it to stand on mere open account. Those advantages consisted of obtaining the notes, the agreement to pay exchange and collection charges, and provisions for security against the payors' defaulting on any other indebtedness which existed or might arise in the business transactions between the parties; indicating a desire to have, and expectation of having, the payors as customers for further purchases of goods.    In the letter containing the counter proposition, respondent expressed a willingness "to put the account into two notes" of the kind suggested, saying that the interest rate required "is the lowest rate any of our trade have ever asked us to accept and we believe after further consideration you will feel that this proposition is a very liberal one on our part.    Assuming that this will be satisfactory to you, we are inclosing you two notes which we would thank you to sign and return at your earliest convenience.    Hoping you are being favored with a satisfactory business and that we may hear from you frequently, we remain," etc.    That indicates, pretty clearly, that respondent treated the account as an indebtedness of Porter & Son, and contemplated that all further busi-

ness in respect to the matter could be with them in connection with other business. Respondent replied to the letter in which the notes were sent saying that such notes had been placed to the credit of the senders, in harmony with the idea that they were sent and accepted in settlement of appellant's indebtedness. The testimony on behalf of Porter & Son was to the effect that they were so sent, and the letter written some time afterwards to appellant, so acknowledging, is in like harmony. Respondent did not notify Porter & Son that the notes were not accepted for the purpose it knew they were sent, but kept them and gave the latter the significant information that the obligations had been passed to their credit.

The foregoing seems to make a very strong case against respondent. The circumstances, in the whole, are all consistent with the theory that it assented to the substitution of new payors for the old one, and took the notes and gave the credit to fully consummate the matter, and seem to rebut any other theory. If the minds of the parties thus met, a novation occurred and was not affected by the circumstance that, some time afterwards, respondent wrote appellant that he would not be released unless the notes were paid.

Thus it is considered that the assent of respondent to take Porter & Son as substitute debtors for appellant was circumstantially established. Either the trial court did not give due weight to the circumstances which, in the particular instance, as is often the case, speak quite as plainly, if not plainer, than words, or entertained the idea that the essential of assent could not be thus established. Therefore the judgment must be reversed.

We find nothing in the cases referred to in the circuit judge's reasons for his conclusion inconsistent with what we have said. *Willow River L. Co. v. Luger F. Co.* 102 Wis. 636, 78 N. W. 762, did not deal with the subject of novation but that of whether the mere taking of the note of a third party for an indebtedness extinguishes it. Neither did

*Lowry v. Milwaukee Nat. Bank,* 114 Wis. 311, 90 N. W. 178, deal with novation but with whether the taking of a new for an old one extinguished the indebtedness represented by the latter.    Neither did *Grubbe v. Pierce,* 156 Wis. 29, 145 N. W. 207, deal with novation; but whether the agreement by a creditor to take one member of a firm as his debtor in place of all required to be supported by a consideration to the creditor for doing so.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in favor of the defendant.

KERWIN, J., dissents.