HEDSTROM, Appellant, vs. SCHAUMANN, Respondent.

*April 8—May 31, 1921.*

Contracts: Consideration: Promise to make payment to third person: Novation: Consent to substitution of debtors: Parol evidence.

1. Plaintiff and defendant, purchasers of land under separate contracts, had both defaulted on their contracts with the vendor after plaintiff had paid $100 and defendant $900, and, plaintiff desiring to get his money back, the vendor agreed by letter that defendant's contract should be extended to allow defendant to make a payment at a future date and that plaintiff's $100 payment should be credited thereon, "for which credit you [defendant] are to make a satisfactory deal with" plaintiff. Defendant did not make the necessary payment to extend his contract, but later, on several occasions, promised to pay plaintiff the $100, and plaintiff looked to him therefor. *Held,* that the consideration for defendant's promise to pay plaintiff the $100 did not fail because defendant did not avail himself of the option, the consideration for the promise being the option acquired by defendant to make a later payment on his contract and to apply plaintiff's payment thereon.

2. The consent of the plaintiff to the substitution of debtors may be shown by parol, notwithstanding the contract between defendant and the vendor was in writing.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action begun in the civil court of Milwaukee county to recover $100 claimed to be due from defendant to plaintiff under the following circumstances: Both plaintiff and defendant had purchased lands in Florida under separate contracts from the Thomas Nurseries, Inc., of Chicago and both were in arrears on their payments and the contracts were defaulted. Plaintiff had paid only $100 on his contract and desired to secure the return of his payment. This the Thomas Nurseries, Inc., refused to do. May 4, 1918, both plaintiff and defendant called at the office of the Thomas

Nurseries, Inc., at Chicago for the purpose of making some adjustments of their several contracts with the Thomas Nurseries, Inc., and as a result of the conference the following agreement was entered into:

"THE THOMAS NURSERIES, INC.
        "Chicago, Illinois, May 4, 1918.
"*Mr. B. Schaumann,* Milwaukee, Wisconsin.

"Dear Sir: Pursuant to our verbal understanding, we agree to extend the time on your contract No. 109D until June 12, 1918. If on or before that date you pay us $50, we will reissue a contract covering a five-acre tract in our Silver Lake Estates project, the exact location of which is to be satisfactory to you. On the issuance of the new contract you are to receive credit for all payments made prior to that date on your old contract and you are also to receive credit, if you so desire, for the $100 paid by *Mr. Hedstrom* on his contract, for which credit you are to make a satisfactory deal with *Mr. Hedstrom.*

"Providing you do not make a payment of $50 on or before June 12, 1918, we will continue the contract for an additional thirty days with the understanding that you are to pay us $350 in cash, and including the $100 paid on the *Hedstrom* contract, on or before June 12th. If your contract is reinstated on the latter basis, the same conditions will prevail as in the case of payment on or before June 12, 1918.
            "Yours very truly,
                "THE THOMAS NURSERIES, INC.
ICH: GL                "By Ira C. Humphrey, Secretary.
    "Accepted: *Bruno Schaumann.*"

The defendant did not avail himself of either option mentioned in the agreement and made no further payments on his contract, but he later on several occasions promised to pay plaintiff the $100, and one time, on a Sunday, gave him a promissory note for the amount, and plaintiff looked to defendant and not the Thomas Nurseries, Inc., for the payment of the $100.

The civil court gave judgment for plaintiff, but the circuit court on appeal reversed it on the ground that defendant

received no consideration for his promise because he never performed the conditions upon which it was made, and entered judgment for defendant. The plaintiff appealed.

For the appellant there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *C. Stanley Perry.*

*George A. Affeldt* of Milwaukee, for the respondent.

VINJE, J.    Whether the acceptance by defendant of the agreement set out in the statement of facts amounted to a contract on his part to carry out one or the other of the alternative offers therein made, which could be enforced by the Thomas Nurseries, Inc., or amounted only to an acceptance of two options either of which he could or need not carry out, he nevertheless received a valuable consideration for his promise to pay the $100 to plaintiff.    He had paid $900 on his contract and by its terms it was defaulted.    As a consideration for a reinstatement of the contract and an extension of the time of payment he was given the specified options and was to receive credit on his contract for the $100 to be paid to plaintiff.    There is no dispute but that if defendant owed plaintiff anything it is the full sum of $100 and interest.

It will be noticed that both options provide for the payment to plaintiff of the $100.    The fact that defendant did not see fit to avail himself of the benefits of his contract cannot affect plaintiff's right to recover.    He did not, as the circuit court seemed to think, promise to pay it on condition that he availed himself of the contract.    The acceptance is absolute.    There is no condition expressed and none can be implied.    He received a valuable consideration for his promise, to wit, the continuing in force of a defaulted contract and the application of plaintiff's $100 payment on his own contract if carried out.    It was relied upon by plaintiff and consented to by the Thomas Nurseries, Inc., and that amounts to a valid novation.    *T. W. Stevenson Co.*

*v. Peterson,* 163 Wis. 258, 157 N. W. 750. It is true that the consent of plaintiff to the substitution of defendant as his debtor was not embodied in the written agreement, but that may be shown by parol or by circumstances and the conduct of the parties. *T. W. Stevenson Co. v. Peterson, supra.* Here there was no material dispute about the fact that plaintiff accepted defendant as his debtor and released the Thomas Nurseries, Inc. The giving of the promissory note, in defendant's handwriting, though void by reason of its execution on Sunday, shows that such was the understanding. It recites that it was for a land transaction, and the subsequent oral agreements made on secular days to pay this sum in a sense ratify the Sunday note though it is not made the cause of action.

The Thomas Nurseries, Inc., parted with a valuable consideration in reinstating defendant's defaulted contract and giving the options. The defendant received this consideration, and because of it and the credit of $100 he was to receive upon his own contract he agreed to pay plaintiff the $100. As before stated, the fact that he later concluded not to carry out either option did not destroy the consideration he received nor the promise that his acceptance constituted, especially in view of the subsequent conduct of the parties showing a reliance upon the promise on the part of plaintiff and an acknowledgment thereof on the part of defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.

ROSENBERRY, ESCHWEILER, and OWEN, JJ., dissent.