## In re WARNER–QUINLAN CO.

### Appeal of LEE TIRE & RUBBER CO. OF NEW YORK, Inc.

### No. 31.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1936.

Stephen B. Vreeland, of New York City, for petitioner-appellant.

Proskauer, Rose & Paskus, of New York City (Bernard D. Lang, of New York City, of counsel), for Warner-Quinlan Co., debtor.

Goldwater & Flynn, of New York City (Nathan H. Goldstein, of New York City, of counsel), for trustees of Warner-Quinlan Co., debtor.

Weinstein & Levinson, of New York City (Frank Weinstein and Samuel J. Levinson, both of New York City, of counsel), for intervening bondholders-appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

This appeal is from an order entered in proceedings under section 77B of the Bankruptcy Act (11 U.S.C. § 207 [11 U.S.C.A. § 207]), disallowing the appellant's petition to reclaim moneys from the debtor. The appellee, on October 11, 1935, filed its petition for reorganization under the Bankruptcy Act and was continued in possession of its property. It had a subsidiary corporation, the Mileage Gas Corporation, which on September 17, 1928, entered into an agreement with the appellant, a tire manufacturer, for the consignment of tires to be sold at its retail gas service stations. This agreement was terminated July 6, 1931, when a similar agreement was entered into by the appellant and the Municipal Gas Stations, Inc., also a subsidiary of the debtor. In September, 1933, this latter agreement was terminated and the appellee, after notice to appellant, undertook to operate directly all the stations of its sub-

sidiary. No written agreement was entered into between the appellee and the appellant. In the agreement with the subsidiary corporations, it was stipulated as to tires delivered that "title to all merchandise herein consigned by the Lee Company to the consignee shall continue in the Lee Company until said merchandise shall have been sold by consignee and thereupon the title to the proceeds of the sale thereof shall likewise be vested in the Lee Company until such time as the Lee Company shall have received full payment for the said merchandise."

■ It was stipulated on this motion that: "The petitioner contends that as a matter of law the conduct and acts of the parties amounted to an assumption and a continuation upon the same terms and conditions by the debtor of the agreement between the petitioner and the Municipal Gas Stations."

During the appellee's operation, appellant delivered tires accompanied always by a "consignment memorandum" which was retained by the appellee and the merchandise shipped was charged in it to appellant's "consigned stock." When sales were made from such consigned stock, a report was submitted by the appellee to the appellant during the month following such sales and the appellant thereupon rendered an invoice to the appellee. This invoice gave the name of the appellee after the printed words "sold to" but at the bottom contained the typewritten notation "sold from consigned stock." If the appellant was selling to the appellee on an open account or on credit, there would be no necessity for a "consignment memorandum." The appellee, receiving the tires on an open account, would hardly have continued for several years without protest to accept goods on consignment memorandum. The receipt and acceptance of goods on a "consignment memorandum" indicates a consignment, not an open account or sale on credit. Cf. Dryden v. Michigan State Industries, 66 F.(2d) 950 (C.C.A.8); In re Klein, 3 P.(2d) 375 (C.C.A.2). The granting of a discount is not inconsistent with such a bailment. Ludvigh v. American Woolen Co., 231 U.S. 522, 34 S.Ct. 161, 58 L.Ed. 345; Dryden v. Michigan State Industries, supra. Nor. is the provision allotting to the appellee all surplus above the invoice price. In re Klein, supra. Appellee recognized that it was receiving the tires on consignment, for, upon delivery of the tires, no entry thereof was made on its books and it did not therefore list the tires as its assets. The consignee agreed to send monthly an inventory of the merchandise on hand. It received fixed commissions for sales made and there was no obligation to pay for any tires until sales were made.

It is apparent that the appellee treated the transaction, as did its subsidiary, the Municipal Gas Stations, under the agreement between the parties as a consignment. It is consequently bound by the agreement. Lane & Co. v. United Oil Cloth Co., 103 App.Div. 378, 92 N.Y.S. 1061; Michelin Tire Co. v. Robbins, 173 App.Div. 955, 159 N.Y.S. 256.

■ But it is argued that the foregoing proves at most a consignment of the merchandise and that upon a sale by the appellee the relation between the parties, in respect to the proceeds, became that of debtor and creditor. This, it is claimed, becomes evident from the absence of a provision in the agreement requiring the proceeds to be kept in a separate account. Such a provision, however, is not necessary. Dryden v. Michigan State Industries, supra; Cf. General Electric Co. v. Brower, 221 F. 597 (C.C.A.9). The agreement reserved title to the proceeds of sale in the appellant. This would indicate a trust relationship which, if confirmed by the conduct of the parties, would permit a reclamation of the proceeds. Bills v. Schliep, 127 F. 103 (C.C.A.2).

If there be any different agreement between the parties, it may be shown in accordance with a stipulation permitting further proof of necessary facts. Evidence should be taken and a determination reached as to whether it was agreed that the proceeds of sale should be turned over each month or whether an extension of credit was actually contemplated. If the proceeds were to be held in trust, the deposit of such trust funds in the appellee's general account would have been a breach of trust and, if appellant knew that this was appellee's practice, it would tend to show the real understanding between the parties. If there was no contractual duty to remit the proceeds of sale but payment monthly out of appellee's general funds was sufficient, an extension of credit would be established. This would contradict the provision that title to the proceeds of sale vested in the appellant; or, at best, this provision would have to be interpreted as an effort by appellant to obtain security for appellee's obligation, not as the creation of a trust relationship. Cf. In re Inter-

borough Consol. Corp., 288 F. 334, 32 A.L. R. 932 (C.C.A.2). Also we are uninformed how the appellee kept its books as to the sales of the consigned tires or how it treated the cash received therefrom.

If the consignment intended the remittance of the proceeds monthly, and, as to the sales in question, this was not carried out but the moneys were deposited in the general account of the appellee, and if, as stipulated, its bank account always exceeded the amount claimed, during the period of its possession of the proceeds of the sale, then the funds have been sufficiently traced and may be reclaimed. In re United Cigar Stores Co., 70 F.(2d) 313 (C.C.A.2).

The order will be reversed and the cause remanded for further testimony and a determination to be made as indicated in this opinion.