**In re: AMES DEPARTMENT
STORES, INC.**

**LFD Operating, Inc., Plaintiff–
Appellant,**

**v.**

**Ames Department Stores, Inc., and
Ames Merchandising Corporation,
Defendants–Appellees.**

**No. 04–5304.**

United States Court of Appeals,
Second Circuit.

Aug. 10, 2005.

Raymond Fitzgerald, Butler, Fitzgerald & Potter (David J. McCarthy), New York, N.Y., for Plaintiff–Appellant, of counsel.

Frank A. Oswald, Togul, Segal & Segal LLP (Albert Togut, Howard P. Magaliff and Renee L. Randazzo), New York, N.Y., for Defendants–Appellees, for counsel.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant LFD Operating, Inc. ("LFD") appeals from an order of the district court affirming the order and judgment of a bankruptcy court dismissing LFD's claims against defendants-appellees Ames Department Stores, Inc. and Ames Merchandising Corporation (collectively, "Ames"). LFD sought declaratory judgment that net proceeds from the sale of LFD merchandise in Ames stores ("Net Sales Proceeds"), totaling $8.9 million, were LFD's property, and hence not part of Ames's bankruptcy estate.[1] We affirm for substantially the reasons given by the district court and the bankruptcy court.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

LFD and Ames had agreed "that all proceeds from the sale of merchandise of [LFD] to customers ... shall be the property of [LFD] from the time of such sale, that Ames shall act as [LFD]'s agent in the collection and holding of such proceeds, and that Ames shall hold such proceeds in trust for [LFD] until such time as they are paid over to [LFD]...." But where, as here, "the relative rights of a bankrupt's creditors are at issue, it is particularly important that substance not give way to form." *Pan Am. World Airways, Inc. v. Shulman Transport Enters., Inc. (In re Shulman Transport Enters., Inc.)*, 744 F.2d 293, 295 (2d Cir.1984).

We, therefore, must look to the parties' actual business arrangement to determine the status of the property at issue. In the case before us, that business arrangement had none of the hallmarks of an agency or trust relationship. Without any objection by LFD, Ames exercised control over the Net Sales Proceeds, commingled them with its own funds, used them for its own purposes, assumed credit risk on the sale of LFD merchandise, and paid LFD out of general funds. And, as we have held, adding the words "trust" or "agency" to a contract does not, without more, convert

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

1. On appeal, LFD now claims that the Net Sales Proceeds totaled $9.3 million.

an ordinary debtor-creditor relationship into a trust or agency relationship. *See Shulman,* 744 F.2d at 296 (citing with approval *Carlson, Inc. v. Comm. Discount Corp.,* 382 F.2d 903 (10th Cir.1967), and *Chicago Cutter–Karcher, Inc. v. Maley (In re Lord's, Inc.),* 356 F.2d 456 (7th Cir. 1965), *cert. denied,* 385 U.S. 847, 87 S.Ct. 55, 17 L.Ed.2d 78 (1966)); *In re Warner– Quinlan Co.,* 86 F.2d 103, 104 (2d Cir. 1936).

We have considered all of LFD's contentions and find each of them to be without merit. Accordingly, we AFFIRM the judgment of the district court.